John D. Tran, Esq. (Cal. Bar No. 231761)
Rosalind Ong, Esq. (Cal. Bar No. 234326)
Rhema Law Group, P.C.
1 Park Plaza Suite 600
Irvine, CA 92614
Telephone: (949) 852-4430
jdt@rhemalaw.com
rto@rhemalaw.com

Attorneys for Plaintiff MAXX GROUP, LLC

# IN THE UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MAXX GROUP, LLC<br><br>                    Plaintiff,<br><br>vs.<br><br>DBEST PRODUCTS, INC.,<br><br>                    Defendant. | **Case No:**<br>**COMPLAINT FOR:**<br><br>**1). DECLARATORY JUDGMENT OF NON-INFRINGEMENT;**<br><br>**2). TORTIOUS INTERFERENCE WITH ECONOMIC RELATIONS;**<br><br>**3). STATE COMMON LAW UNFAIR COMPETITION UNDER CAL. BUS. & PROF. CODE SECTION 17200;**<br><br>**4). DECLARATORY JUDGMENT OF PATENT INVALIDITY;**<br><br>**5). NEGLIGENT INTERFERENCE WITH ECONOMIC RELATIONS;**<br><br>**6).  VIOLATION OF SECTION 43(a) OF THE LANHAM ACT (15 U.S.C. SECTION 1125(a));**<br><br>**7).  ESTOPPEL** |
| JURY TRIAL DEMANDED | |

1

MAXX GROUP, LLC ("MAXX"), hereby files this Complaint against Defendant DBEST PRODUCTS, INC. ("Defendant") and alleges as follows:

## INTRODUCTION

1.  MAXX brings this action to prevent Defendant from attempting to enforce Utility Patent No. 11,338,835 (the "'835 Patent") against non-infringing products sold by MAXX, which interferes and impinges with MAXX's valuable business relations with Amazon and the public at large, and to seek a Court order requiring Defendant to withdraw an infringement notice/complaint filed with Amazon, that MAXX's accused collapsible cart products do not infringe the '835 Patent, and that the '835 Patent is invalid and/or unenforceable and should be cancelled.  MAXX also seeks damages as a result of Defendant's unlawful and unfair business practices and false allegations and misrepresentations made against MAXX and actual damages for reasonably reliance on Defendant's past representations and actions.

## JURISDICTION AND VENUE

2.  This is an action for: (a) a declaration of non-infringement and invalidity of the '835 Patent arising under the patent laws of the United States, 35 U.S.C. § 100 *et seq.*, (b) tortious and negligent interference with business relations and unfair competition, both arising under the laws of the State of California and violations under 43(a) of the Lanham Act.  For any claims that are in factual dispute, MAXX demands a jury trial pursuant to Rules 38 & 39 of the Federal Rules of Civil Procedure.

3.  This Court has subject matter jurisdiction over the patent-related claim pursuant to 28 U.S.C. §§ 1331 & 1338; and this Court has subject matter jurisdiction over the remaining claims under 28 U.S.C. § 1367.

4.  This Court has personal jurisdiction over the Defendant at least because

2

Defendant (1) has committed acts of enforcing and/or attempting to enforce a patent against non-infringing products sold by MAXX, which unfairly competes against MAXX and intentionally interferes with the prospective economic relations of MAXX in this District; (2) regularly did business or solicited business in this District; (3) engaged in other persistent courses of conduct and derived substantial revenue by its offering of infringing products and services and providing infringing products and services and providing infringing products and services in this District.

5.   Venue is proper in this district under at least 28 U.S.C. §§ 1391(b)(c) and/or 1400(b).  Venue in this district is proper for both parties are foreign entities that purposefully avail themselves to this Venue by marketing and conducting business in this Venue and that no other Venue would be a more suitable Venue.

## THE PARTIES

6.   MAXX is a California corporation having a principal place of business at 3233 Mission Oaks Blvd., Unit B, Camarillo, CA 93012.

7.   Upon information and belief, Defendant is a corporation organized under the laws of the State of California, with its principal place of business at 16506 S Avalon Blvd, Carson California 90746.

## SUMMARY OF FACTS AND ALLEGATIONS OF RELIEF

8.  MAXX is a seller of variety of consumer products on the Amazon platform, including collapsible cart products.  Below is a representative image of MAXX's collapsible cart products that are sold on Amazon:



3

9. The dispute began when Defendant filed an infringement complaint and take down notice to Amazon in and around March 21, 2024, alleging that MAXX's collapsible cart products identified by ASIN# B0CBJNC21R and B0BKTLJ5RG, were infringing Defendant's '835 Patent. Attached as Exhibit "A," is a true and correct copy of the '835 Patent Registration. As a result of Defendant's actions, Amazon proceeded to remove and take down MAXX's seller's listing of its collapsible carts on Amazon identified by ASIN# B0CBJNC21R and B0BKTLJ5RG. Attached as "Exhibit B," is a true and correct copy of the Notice of Complaint filed by Defendant, which was sent to MAXX from Amazon.

10. On April 22, 2024, MAXX sent a detailed appeal request to Amazon requesting reinstatement of its collapsible cart products but Amazon refused to reinstate without the Defendant agreeing to withdraw its Amazon complaint or in view of a Court Order. Attached as "Exhibit C," is the Amazon Appeals letter sent from MAXX's counsel to Amazon requesting withdrawal of the complaint filed by Defendant and request reinstatement of MAXX's impacted ASIN# B0CBJNC21R and B0BKTLJ5RG.

11. Subsequently, MAXX sent a correspondence to Defendant's counsel on April 26, 2024, which included a copy of the appeal request to Amazon and a detailed patent claim chart evidencing that MAXX's accused collapsible cart products do not infringe any claims of on the '835 Patent. Attached as Exhibit "D," is a true and correct copy of the correspondence and non-infringement patent claim chart sent to Defendant's counsel on April 26, 2024.

12. After reviewing MAXX's evidence of non-infringement and agreeing with it, Defendant proceeded to notify Amazon and withdrew its infringement complaint based upon the '835 Patent against MAXX's accused product's ASIN

4

Nos. B0CBJNC21R and B0BKTLJ5RG. Attached as Exhibit "E," is a true and correct copy of Defendant's correspondence dated May 1, 2024 to MAXX's counsel, which shows Defendant agreeing to withdraw its 2024 Amazon complaint.

13. Relying on Defendant's actions and withdrawal of its Amazon complaint, MAXX reasonably assumed that the matter was resolved and did not expect any further issues with Defendant regarding their '835 Patent.

14. Now, two years later, on April 15, 2026, MAXX was notified by Amazon that Defendant filed a new complaint against MAXX with Amazon alleging infringement of the same '835 Patent on a different ASIN# B0CWPB8Q2X, but which is the same identical collapsible cart product as before. Defendant also filed the new Amazon complaint on MAXX's same ASIN# B0CBJNC21R product, which Defendant previously filed and withdrew its 2024 Amazon complaint on. Attached as Exhibit "F," is a true and correct copy of the Amazon's Notice of a new complaint filed by Defendant alleging infringement of the same '835 Patent against MAXX's same collapsible cart products.

15. Upon receiving the information, MAXX through its counsel, notified Defendant's counsel and requested Defendant to immediately withdraw its new Amazon complaint based upon the fact that it was based upon MAXX's same collapsible cart products and on Defendant's same '835 Patent.

16. Although MAXX explained that Defendant has filed a new Amazon complaint alleging infringement on the same '835 Patent and on MAXX's same collapsible cart products which were involved in the prior dismissed 2024 Amazon complaint, Defendant's counsel notified MAXX that it would not agree to withdraw its current Amazon complaint against MAXX's ASIN# B0CWPB8Q2X, and B0CBJNC21R. Attached as Exhibit "G," is a true and correct copy of the correspondences between MAXX's counsel and Defendant's counsel dated April 21, 2026.

17.   As a result of the delisting of its collapsible cart products ASIN# B0CWPB8Q2X, and B0CBJNC21R, MAXX has wrongfully and unjustly lost sales and potential sales, incurred unjust inventory/warehouse costs and suffered business reputation damage as its Amazon Seller Performance Score has been reduced, which has greatly negatively impacted MAXX's business on the Amazon platform.

18.  As a result of Defendant's actions, MAXX believes it has been damaged in the amount of no less than $200,000.00 including but not limited to loss sales, projected sales., warehouse/inventory retention costs, administrative fees/costs, and other collateral damages, which increases by the day.

19.  MAXX's only remedy to restore its listing with Amazon, and to restore its Seller Performance Score, is to obtain a District Court order adjudicating that its collapsible cart products do not infringe the '835 Patent and/or that the '835 Patent is invalid or unenforceable. And MAXX's only remedy to recover for its lost sales is to seek monetary relief from this Court.

20.  Accordingly, MAXX now brings this action for a Declaratory Judgment of non-infringement of Defendant's '835 Patent.  In addition, because Defendant is knowingly asserting its '835 Patent against a non-infringement product(s) and has made false statement and misrepresentations to cause commercial harm to MAXX, MAXX also seeks relief for tortious & negligent interference with business relations and unfair competition and for violations under Lanham Act 43(a).

21.  MAXX also seeks to cancel the Defendant's '835 Patent because it is invalid under 35 U.S.C. §§ 101,102, 103, 112, and/or 116.

22.   MAXX also seeks a declaratory judgment that Defendant's '835 Patent is unenforceable due to inequitable conduct by Defendant.

## COUNT I

### (Declaratory Judgment of Non-Infringement)

6

23.  MAXX realleges Paragraphs 1-22 of this Complaint as if set forth fully herein.

24.  Defendant has accused MAXX's collapsible cart products ASIN# B0CWPB8Q2X, and B0CBJNC21R of infringing the '835 Patent.

25.  MAXX's collapsible cart products ASIN# B0CWPB8Q2X, and B0CBJNC21R do not infringe any claims of the '835 Patent. MAXX also has other similar collapsible cart products identified by ASIN#'s B0CQ13HQJP and B0BKTLJ5RG that also do not infringe the '835 Patent.

Here, the above Maxx Accused Products do not infringe any claims of the '835 Patent, literally or equivalently.  As summarized here but shown in full detail in Exhibit "D", all of the independent claims of the '835 Patent (claims 1, 9, and 17), require first & second slideable members (58 & 60) that are movable along first & second tracks (46 & 48) (highlighted below in red).  These slideable members slide in place to lock the first & second panels in place when the cart is in an open position.  The slideable members are then slided back to allow the cart's first and second panels to be folded inward which allows the card to close and be folded for portability purposes.



Fig. 1 of the '835 Patent





"MAXX" Accused Products

7

(red circles show "slideable members,")        (do not have "slideable members" but are
                                                snap-on members that are removeable from floor)

However, as seen above, MAXX's accused collapisble cart products do not contain "slideable members," which are used to engage the first and second tracks to selectively lock the first & second panels as required by the independent claims of the '835 Patent.  Here, the MAXX's accused collapsible cart products contain a pair of *removable members* (shown in the red arrow above) from the bottom wall that are used to snap onto the tracks of the first & second panels to lock the panels into place and prevent them from closing.  Therefore, MAXX's accused collapsible cart products do not literally infringe any of the independent claims of the '835 Patent.  Additionally, due to the Accused Product's total absence of the required "slideable members," element of the independent claims of the '835 Patent, it precludes a finding of infringement via the doctrine of equivalence because the Accused Product functions substantially different than the '835 Patent.

26.  An actual case or controversy exists between the parties as to the validity of the '835 Patent because Defendant has wielded that patent to obtain the removal of MAXX's aforementioned collapsible cart products from Amazon by alleging infringement of the '835 Patent.

27.  Accordingly, this Court should declare that MAXX's collapsible cart products ASIN# B0CWPB8Q2X, B0CBJNC21R, B0CQ13HQJP, and B0BKTLJ5RG, do not infringe any claims of the '835 Patent.

## COUNT II

### (Tortious Interference with Economic Relations)

28.  MAXX realleges Paragraphs 1-27 of this Complaint as if set forth fully herein.

29.  MAXX had and has economic relationships with Amazon and end-user consumers regarding the sale of its collapsible car products ASIN# B0CWPB8Q2X, and B0CBJNC21R. These relationships provided MAXX with economic benefit, including the probability of future economic benefits in the form

of more sales of its collapsible cart products ASIN# B0CWPB8Q2X, and B0CBJNC21R, on the Amazon platform.

30.  Defendant is keenly aware of these relationships as evidenced by the fact that Defendant committed intentional acts designed to disrupt MAXX's relationship with Amazon, and MAXX's end-user customers back in 2024 and now again in 2026.  In particular, Defendant sent a written notice of infringement to Amazon accusing MAXX of patent infringement, with the specific intent that Amazon terminate MAXX's listing for its collapsible car products ASIN# B0CWPB8Q2X, and B0CBJNC21R, which Amazon ultimately did.  Defendant sent this notice of infringement in bad faith, with malice, oppression, fraud and with the intent to interfere with MAXX's economic relations with Amazon and its end-user customers.

31.  Defendant's notice/complaint for infringement filed with Amazon, caused the actual disruption of MAXX relationship with Amazon in that Amazon in fact terminated and removed MAXX's collapsible cart products ASIN# B0CWPB8Q2X, and B0CBJNC21R, as a result of Defendant's filing of its complaint/notice of infringement with Amazon.  Defendant's notice also caused the actual disruption of MAXX relationships with end-user consumers because those consumers are no longer able to purchase MAXX's collapsible cart products ASIN# B0CWPB8Q2X, and B0CBJNC21R on Amazon.  Further, Defendant's written notice/complaint of infringement to Amazon may lead to the complete suspension of MAXX's entire Amazon seller account.

32.  As a result of Defendant's acts, the above-described relationship between MAXX and Amazon has been actually disrupted, causing loss of sales, loss of potential sales, and causing MAXX to incur additional collateral damages including but not limited to, inventory warehouse costs, distribution costs, and/or product destruction costs in the current amount of no less than $200,000.00 and

increasing every day.  Defendant's wrongful conduct is substantial and direct factor in causing this harm and damage to MAXX.

33.    Defendant knew of MAXX's relationship with Amazon and therefore has engaged in tortious interference with MAXX's business relations.

34.    Unless Defendant is restrained by appropriate injunctive relief, its actions are likely to recur and will cause MAXX irreparable injury for which there is no adequate remedy at law.

35.    Defendant's interference with MAXX's prospective economic advantage with its current and future customers, as described above, was willful, malicious, oppressive, and in conscious disregard of MAXX's rights, and MAXX is therefore entitled to an award of punitive damages to punish Defendant's wrongful conduct and deter future wrongful conduct.

## COUNT III
### (State Common Law-Unfair Competition)

36.  MAXX realleges Paragraphs 1-35 of this Complaint as if set forth fully herein.

37.  The foregoing activities of Defendant constitute unfair competition under the common law of the State of California pursuant to California Business & Professions Code Section 17200, et. seq. As alleged herein, Defendant's conduct is also "unlawful," within the meaning of Section 17200.

38.  Defendant's acts of attempting to enforce its '835 Patent against MAXX's collapsible cart products ASIN# B0CWPB8Q2X, and B0CBJNC21R, which are knowingly non-infringing products, constitute unfair and unlawful business practices against MAXX, which is a direct competitor to the Defendant.

39.    Upon information and belief, Defendant has derived and received, and will continue to derive and receive, gains, profits and advantages, from Defendant's unfair and unlawful practices and conduct as alleged herein in a total

amount that is not presently known to MAXX.  By reason of Defendant's wrongful acts of unfair and unlawful business practices, as alleged in this complaint, MAXX has been damaged, and is entitled to monetary relief in an amount to be determined at trial.

40.  By their actions, Defendant has irreparably injured and violated, and continue to irreparably injure and violate, the lawful rights of MAXX, and such irreparable injury will continue, unless Defendant is enjoined by this Court.

## COUNT IV
### (Declaratory Judgment of Patent Invalidity)

41.  MAXX realleges Paragraphs 1-40 of this Complaint as if set forth fully herein.

42.  MAXX contends that the claims of the '835 Patent are invalid for failure to comply with the conditions of patentability, including but limited to 35 USC §§ 101,102, 103, 112, and/or 116.

43.  Accordingly, a valid and justiciable controversy has arisen and exists between MAXX and Defendant.  MAXX desires a judicial determination and declaration of the respective rights and duties of the parties herein. Such a determination and declaration are necessary and appropriate at this time so that the parties may ascertain their respective rights and duties.

44.  Accordingly, this Court should declare the '835 Patent to be invalid and that the '835 Patent Registration should be cancelled.

## COUNT V
### (Negligent Interference with Prospective Economic Relationship)

45.  MAXX repeats and realleges the allegations set forth in paragraphs 1 through 44 of this Complaint as if set forth fully herein.

11

46.   MAXX has and had an expectancy in continuing and advantageous economic relationship with Amazon.

47.   This relationship contained the probability of future of economic benefit in the form of profitable sales. Had Defendant refrained from engaging in the unlawful and wrongful conduct described in this complaint, there is a substantial probability that MAXX's sales would have substantially increased.

48.   Defendant knew about MAXX's economic relationship with Amazon as early as 2024 and knew or should have known that this relationship would be interfered with and disrupted if Defendant failed to act with reasonable care in filing infringement complaints with Amazon on MAXX's collapsible cart products.

49.   Defendant's wrongful conduct, as alleged in the preceding paragraphs, constitutes violations of numerous state and federal statutes and codes, including, but not limited to, violation of Section 43(a) of the Lanham Act (15 U.S.C. § 1125(a)) and violation of CA unfair competition law (Cal. Bus. And Prof. Code §§ 17200 et seq.).

50.   As a result of Defendant's acts, the above-described relationship between MAXX and Amazon has been actually disrupted, causing loss of sales, loss of potential sales, and causing MAXX to incur additional collateral damages including but not limited to, inventory warehouse costs, distribution costs, and/or product destruction costs in the current amount of no less than $200,000.00 and increasing every day.  Defendant's wrongful conduct is substantial and direct factor in causing this harm and damage to MAXX.

51.   Unless Defendant is restrained by appropriate injunctive relief, its actions are likely to recur and will cause MAXX irreparable injury for which there is no adequate remedy at law.

## COUNT VI

### (Violation of Section 43(a) of the Lanham Act; 15 U.S.C. Section 1125(a))

52.    MAXX realleges Paragraphs 1-51 of this Complaint as if set forth fully herein.

53.    By knowingly filing an infringement complaint with Amazon on the same MAXX's collapsible cart products in 2026, that Defendant previously filed and withdrew an Amazon complaint in 2024, Defendant has made knowingly false allegations, representations, and wrongful demands to Amazon concerning MAXX's accused collapsible cart products as alleged herein.  Defendant made these false statements/misrepresentations to Amazon in connection with the sale of its own collapsible cart products sold on Amazon.

54.    Defendant's false allegations, representations and wrongful demands resulted in misleading Amazon to mistakenly taking down or de-listing MAXX's accused collapsible cart products identified by ASIN# B0CWPB8Q2X, and B0CBJNC21R.

55.    Through these false allegations, representations and wrongful demands, Defendant has caused injury to MAXX both through loss of sales and potential sales and loss of goodwill and reputation, including but not limited to the Amazon platform, in the current amount of no less than $200,000.00 and increasing every day.  Defendant's false statements and misrepresentations are substantial and direct factors in causing this harm and damage to MAXX.

## COUNT VII
### (ESTOPPEL)

56.    MAXX realleges Paragraphs 1-55 of this Complaint as if set forth fully herein.

57.    Defendant filed an infringement complaint and take down notice to Amazon in and around March 21, 2024.  As a result of Defendant's actions,

13

Amazon proceeded to remove and take down MAXX's seller's listing of its collapsible carts on Amazon identified by ASIN# B0CBJNC21R and B0BKTLJ5RG.  (See Exhibit "B").

58.     On April 22, 2024, MAXX sent a detailed appeal request to Amazon requesting resinstatement of its collapsible cart products but Amazon refused to reinstate without the Defendant agreeing to withdraw its Amazon complaint or in view of a Court Order.   (See Exhibit "C").

59.     MAXX, through its counsel, notified Defendant and provided a detailed patent claim chart evidencing that MAXX's accused collapsible cart products, do not infringe the '835 Patent.

60.      Subsequently, MAXX sent a correspondence to Defendant's counsel on April 26, 2024, which included a detailed patent claim chart evidencing that MAXX's accused collapsible cart products do not infringe any claims of on the '835 Patent.  (See Exhibit "D").

61.     After reviewing MAXX's evidence of non-infringement and agreeing with it, Defendant proceeded to notify Amazon and withdrew its complaint against MAXX's accused product's ASIN Nos. B0CBJNC21R and B0BKTLJ5RG, which was based upon Defendant's '835 Patent. (See Exhibit "E,").

62.     Relying on Defendant's actions and withdrawal of its Amazon complaint, MAXX reasonably assumed that the matter was resolved and did not expect any further issues with Defendant regarding their '835 Patent.  In particular, based upon Defendant's actions, MAXX reasonably relied upon Defendant's actions that MAXX's collapsible cart products did not infringe the '835 Patent and MAXX possesses clear right to market, distribute, and sell its collapsible cart products on the Amazon platform and continued to invest in its collapsible cart products line by purchasing more inventory and ramping its sales activities.

63.     Now, two years later, on April 15, 2026, MAXX was notified by

Amazon that Defendant filed a new complaint against MAXX with Amazon alleging infringement of the same '835 Patent on a different ASIN# B0CWPB8Q2X, but which is the same identical collapsible cart product as before. Defendant also filed the new Amazon complaint on MAXX's same ASIN# B0CBJNC21R product, which Defendant previously filed and withdrew its 2024 Amazon complaint on.

64.    Upon receiving the information, MAXX through its counsel, notified Defendant's counsel and requested Defendant to immediately withdraw its new Amazon complaint based upon the fact that it was based upon MAXX's same collapsible cart products and on Defendant's same '835 Patent. Although MAXX explained that Defendant has filed a new Amazon complaint alleging infringement on the same '835 Patent and on MAXX's same collapsible cart products which were involved in the prior dismissed 2024 Amazon complaint, Defendant's counsel notified MAXX that it would not agree to withdraw its current Amazon complaint against MAXX's ASIN# B0CWPB8Q2X, and B0CBJNC21R.  (See Exhibit "G").

65.    As a result of MAXX reasonably relying on the actions and representations by Defendant, MAXX has incurred actual harm caused by such reliance, including but not limited to; past expenses reasonably incurred in reliance of Defendant's past actions and representations; lost opportunity costs and/or lost profits that were reasonably expected to result from MAXX's reliance on Defendants' past actions and representations; and other direct losses that were foreseeable and caused by MAXX's reliance.  Defendant is the proximate cause of MAXX's actual reliance damages.

## PRAYER FOR RELIEF

MAXX respectfully requests the following relief:

A.  Declaring that MAXX's collapsible cart products

identified by ASIN# B0CWPB8Q2X, B0CBJNC21R, B0CQ13HQJP, and B0BKTLJ5R, have not been and is not now infringing, directly or indirectly, any claim of the '835 Patent;

B. Declaring that the claims of the '835 Patent are invalid;

C. Declaring that the claims of the '835 Patent are unenforceable;

D. That this Court order Defendant (1) to serve upon Amazon a copy of the final judgment in this action declaring that MAXX's collapsible cart products identified by ASIN# B0CWPB8Q2X, B0CBJNC21R, B0CQ13HQJP, and B0BKTLJ5RG, do not infringe the '835 Patent, and (2) to withdraw any notice/complaint of infringement & take down request to Amazon involving these identified ASIN# products;

E. That this Court enter final judgment that Defendant has tortiously and/or negligently interfered with MAXX's business relations with Amazon and end-user consumers;

F. That this Court enter final judgment that Defendant has competed unfairly with MAXX;

G. That this Court enter final judgment that Defendant made false statements and/or misrepresentations to Amazon against MAXX in violation of Section 43(a) of the Lanham Act;

H. That Defendant be ordered to pay over to MAXX all damages which MAXX has sustained as a consequence of the acts complained of herein, subject to proof at trial;

I. That the foregoing award of damages include any damages caused in whole or in part by Defendant arising from any suspension of MAXX's Amazon seller account;

J. That this case be ruled as an "exceptional case," under the Federal Rules and an award of MAXX's attorneys' fees and costs be awarded to MAXX.

K. That Defendant be ordered to pay over to MAXX punitive and

exemplary damages in accordance with the Federal Laws and California law for their unlawful and unfair business practices and unfair competition;

L.  That MAXX recover the costs of this action;

M. For restitution of any money or property which may have been acquired by Defendant by means of unfair competition under Cal. Bus. And Prof. Code §§ 17200 et seq.

N.  For a permanent injunction enjoining Defendant and its affiliates from committing acts of unfair competition under Cal. Bus. And Prof. Code §§ 17200 et seq.

O.  For a permanent injunction restraining Defendant and its affiliates from interfering with MAXX's business relationship with others.

P.  That the Court award MAXX further relief as the Court deems just.

Dated: May 19, 2026                    **RHEMA LAW GROUP, P.C.**

_____

By: John D. Tran
Attorneys for Plaintiff
MAXX GROUP, LLC