# EXHIBIT "D"

**From:** jdt@rhemalaw.com <jdt@rhemalaw.com>
**Sent:** Friday, April 26, 2024 1:19 PM
**To:** Ehab Samuel <esamuel@orbitip.com>
**Subject:** In Re: Amazon Complaint ID# 14845612921; List of Impacted ASIN #B0CBJNC21R, B0BKTLJ5RG- Dbest vs. Maxx Group

Dear Ehab:
I believe we have met before at one of the OCIPLA gatherings.  It's been awhile and hope all is well.

Real quick, we represent Maxx Group, LLC ("Maxx Group") with regards to the above referenced matter, which involves your client, Dbest's attempted enforcement of the '835 Patent on our client's accused "collapsible cart" device.

We completed our assessment and have concluded that Maxx Group's accused "MaxxHaul" product clearly does not infringe any of the claims of the '835 Patent.  Attached, please find our infringement opinion letter and patent claim chart that was served on Amazon's Appeal department which seeks to have Amazon reinstate the above referenced impacted ASIN#.

We are also formally requesting DBest to immediately withdraw the above referenced complaint which would, in our opinion, be the best and more efficient way of resolving this matter.

Should your clients refuse to do so, we have been authorized by Maxx Group to pursue the filing of a declaratory judgment in federal court for non-infringement, including claims of intentional interference with business relations.  If forced to bring a formal action, we will pursue monetary damages for all of our client's lost sales on Amazon as a result of your client's actions, as well as recovery of our attorney's fees and costs.   Obviously, we rather not have to do this, but its imperative that our client's impacted ASIN#'s be reinstated as soon as possible to avoid this situation from escalating further.

As time is of the essence. we request a response within three (3) days.  Please advise, thank you.

Best Regards,

**John D. Tran**
Partner
Intellectual Property Law
Patents | Trademarks | Copyrights
**Rhema Law Group, P.C.**



RHEMA LAW GROUP. P.C
1 Park Plaza, 6th Floor
Irvine, CA 92614
949-852-4430

rhemalaw.com

April 22, 2024

VIA ELECTRONIC MAIL: vendor-inf-appeals@amazon.com

Amazon Appeals

In Re: Complaint ID# 14845612921
*List of Impacted* ASIN #B0CBJNC21R, B0BKTLJ5RG

Dear Amazon:

Our office represents Maxx Group, LLC ("Maxx"), in the above referenced matter. Recently, in and around March 21, 2024. Several of our client's products (hereafter "Maxx Accused Product," or "Accused Product(s),") sold on Amazon was improperly taken down as a result of a meritless allegation of patent infringement complaint filed by Kaue Pereira, who is the apparent patent owner of U.S. Patent No. 11,338,835. The list of impacted Maxx Accused Products are identified with the following ASIN Numbers:

1). ASIN: B0CBJNC21R
2). ASIN: B0BKTLJ5RG

Please consider this as a formal request to initiate an appeal of the take down by Amazon of the above referenced ASIN's and to demand an immediate retraction of such take down, including the immediate reinstatement of the above ASIN's on Amazon.

In support of our request for retraction of the above referenced complaint and reinstatement of the above affected ASIN's, we attach a detailed patent claim chart ("Exhibit A"), which compares each and every element of each patent claim of the '835 patent versus the above accused Maxx Accused ASIN products. Please note the above ASIN products are functionally the same Accused Product but with different variations (i.e color etc…) and thus, the Exhibit A-patent claim chart applies to both accused ASIN products.

## I.  LEGAL STANDARD- Patent Infringement

Generally, the patent owner also needs to show that each and every element of a patent claim is present literally or equivalently in the accused product or process. For example, in Larami Corp. v. Amron, 27 U.S.P.Q.2d 1280 (E.D. Pa. 1993), the Super Soaker did not have the claimed "elongated housing having a chamber therein for a liquid," on the contrary, the Super Soaker had a separate and detachable water tank, therefore, the Super Soaker was not found to be literally infringing.

In the absence of literal infringement, the patent owner may still succeed in making a showing of patent infringement under the doctrine of equivalents. Under the doctrine of equivalents, if the accused product or process perform substantially the same function in substantially the same way to obtain the same result as the claimed invention, it would be found infringing. Graver Tank &

Page 1 of 3

Maxx Group
April 22, 2024
*Amazon Appeal in re Complaint ID# 14845612921; Affected ASIN #B0CBJNC21R, B0BKTLJ5RG*
Page 3

---

Mfg. Co. v. Linde Air Products Co., 339 U.S. 605 (1950). The doctrine of equivalents must be applied to each element of a claim to show that each claimed element of the patented invention, or its substantial equivalent, is present in the accused product or process. Warner-Jenkinson v. Hilton Davis Chemical Co., 520 U.S. 17 (1997). However, a total absence of an element or its equivalent from an accused device precludes a finding of infringement. Indeed, the Federal Circuit has clearly stated that "the doctrine of equivalents is not a license to ignore or erase … structural and functional limitations of the claims, limitations 'on which the public is entitled to rely in avoiding infringement.'" *Athletic Alternatives, Inc. v. Prince Mfg., Inc.,* 73 F.3d 1573, 1582 (Fed. Cir. 1996).

## II. ANALYSIS

Here, the above Maxx Accused Products do not infringe any claims of the '835 Patent, literally or equivalently. As summarized here but shown in full detail in Exhibit A, all of the independent claims of the '835 Patent (claims 1, 9, and 17), require first & second slideable members (58 & 60) that are movable along first & second tracks (46 & 48) (highlighted below in red). These slideable members slide in place to lock the first & second panels in place when the cart is in an open position. The slideable members are then slided back to allow the cart's first and second panels to be folded inward which allows the card to close and be folded for portability purposes.







Fig. 1 of the '835 Patent                    "Maxx Group" Accused Product

Maxx Group
April 22, 2024
*Amazon Appeal in re Complaint ID# 14845612921; Affected ASIN #B0CBJNC21R, B0BKTLJ5RG*
Page 3

_____

However, as seen above, the Maxx Accused Products do not contain "slideable members," which are used to engage the first and second tracks to selectively lock the first & second panels as required by the independent claims of the '835 Patent. Here, the Maxx Accused Products contain a pair of removable members (shown in the red arrow above) from the bottom wall that are used to snap onto the tracks of the first & second panels to lock the panels into place and prevent them from closing. Therefore, the accused device does not literally infringe any of the independent claims of the '835 Patent. Additionally, due to the Accused Product's total absence of the required "slideable members," element of the independent claims of the '835 Patent, it precludes a finding of infringement via the doctrine of equivalence because the Accused Product functions substantially different than the '835 Patent.

Since the Maxx Accused Products do not infringe any of the independent claims (claims 1, 9, and 17), it also does not infringe any of the remaining dependent claims that depend on the underlying independent claims, which are dependent claims 2-8 10-16, and 18-20.

### III. CONCLUSION

In view of the above, and based upon our detailed analysis found in our patent claim chart (Exhibit A), it is our legal opinion that the Max Accused Products do not infringe any of the patent claims of the '835 Patent. Thus, we respectfully request Amazon grant this appeal and withdraw complaint ID# 14845612921 and immediately reinstate our client's ASIN's **#B0CBJNC21R, #B0BKTLJ5RG** on the Amazon platform. Lastly, we request that our client's current ASIN# B0CQ13HQJP, which is currently still active on Amazon but is the same Accused Product, be prevented from being taken down as a result of any future Amazon complaints filed by the patent owner on the same Utility Patent #11,338,835.

Sincerely,

**RHEMA LAW GROUP, P.C.**

*John Tran*

John D. Tran
Registered Patent Attorney
USPTO Reg. #48,91; jdt@rhemalaw.com

EXHIBIT "A"- PATENT CLAIM CHART

Comparison of Independent Claims of U.S. Patent No. 11,338,835 B2 (the "835 Patent") with the Accused Device ("Accused device")

| ''835 Patent Claim 1 | Features of the Accused Device |
|---|---|
| 1.<br><br>A cart comprising:<br><br>a rigid frame forming a compartment, the rigid frame having a front wall, a rear wall, a right sidewall, a left sidewall, and a bottom wall, the right sidewall com-prising a first right panel and a second right panel, the first right panel is coupled to the second right panel along a first vertical axis, the left sidewall comprising a first left panel and a second left panel, the first left panel is coupled to the second left panel along a second vertical axis;<br><br>a rotatable base panel rotatably coupled to the bottom wall within the compartment, the rotatable base panel hav-ing a lower surface and an upper surface, wherein in use, the rotatable base panel is rotated so that its lower surface rests against an interior surface of the bottom wall;<br><br>a first track formed along the first right panel and the second right panel extending across the first vertical axis from a first | **FIG. 1 of the '835 Patent**<br><br><br><br>Claim 1 of the '835 Patent requires first & second slideable members (58 & 60) that are movable along first & second tracks (46 & 48) (highlighted above). These slideable members slide in place to lock the first & second panels in place when the cart is in an open position. The slideable members are then slid back to allow the cart's first and second panels to be folded inward which allows the card to close and be folded for portability purposes. |

1

EXHIBIT "A"- PATENT CLAIM CHART
Comparison of Independent Claims of U.S. Patent No. 11,338,835 B2 (the "835 Patent") with the Accused Device ("Accused device")

| ''835 Patent Claim 1 | Features of the Accused Device |
|---|---|
| position on the first right panel to a second position on the second right panel; and<br><br>a first slideable member cooperatively engaged to the first track, the first slideable member is movable along the first track between an open position to allow the right sidewall to fold inwardly, to a closed position to selectively lock the first right panel to the second right  panel, wherein the first slideable member is in the open position when disposed along the first track adjacent the first position of the first track while not disposed along the second right panel and is in the closed position when disposed along the first track adjacent the second position of the first track while being disposed across both the first right panel and second right panel. | <br><br>The accused device does not contain "slideable members," which are used to engage the first and second tracks to selectively lock the first & second panels as required by claim 1.   Here, the accused device contains a pair of removable members (shown in the red arrow above) from the bottom wall that are used to snap onto the tracks of the first & second panels to lock the panels into place and prevent them from closing.  Therefore, in view of this, the accused device does not infringe Claim 1 of the '835 Patent. |

EXHIBIT "A"- PATENT CLAIM CHART

Comparison of Independent Claims of U.S. Patent No. 11,338,835 B2 (the "835 Patent") with the Accused Device ("Accused device")

| ''835 Patent Claim 2 | Features of the Accused Device |
|---|---|
| 2.<br><br>The cart of claim 1, further comprising a second track formed along the first left panel and the second left panel extending across the second vertical axis from a first posi-tion on the first left panel to a second position on the second left panel; and a second slideable member cooperatively engaged to the second track, the second slideable member is 20 movable along the second track between an open position to allow the left sidewall to fold inwardly, to a closed position to selectively lock the first left panel to the second left panel, wherein the second slideable member is in the open position when disposed along the second track adjacent the first 25 position of the second track while not disposed along the second left panel and is in the closed position when disposed along the second track adjacent the second position of the second track while being disposed across both the | Claim 2 is dependent on Claim 1 of the '185 Patent and thus incorporates each and every element of Claim 1. Since Claim 1 is found to be non-infringed, Claim 2 is also non-infringed. |

3

EXHIBIT "A"- PATENT CLAIM CHART
Comparison of Independent Claims of U.S. Patent No. 11,338,835 B2 (the "835 Patent") with the Accused Device ("Accused device")

| first left panel and second left panel. | |
|---|---|
| **''835 Patent Claim 3** | **Features of the Accused Device** |
| 3.<br><br>The cart of claim 1, further comprising a wheel assembly coupled to the bottom wall of the cart. | Claim 3 is dependent on Claim 1 of the '185 Patent and thus incorporates each and every element of Claim 1. Since Claim 1 is found to be non-infringed, Claim 3 is also non-infringed. |
| **''835 Patent Claim 4** | **Features of the Accused Device** |
| 4<br><br>The cart of claim 1, further comprising a plurality of rotatable swivel wheels coupled to the bottom wall of the cart having at least one wheel locking assembly, the at least one wheel locking assembly having a first condition for locking at least one of the rotatable swivel wheels to prevent rolling movement, and a second condition for unlocking the at least one of the rotatable swivel wheels. | Claim 4 is dependent on Claim 1 of the '185 Patent and thus incorporates each and every element of Claim 1. Since Claim 1 is found to be non-infringed, Claim 4 is also non-infringed. |
| | |

4

EXHIBIT "A"- PATENT CLAIM CHART
Comparison of Independent Claims of U.S. Patent No. 11,338,835 B2 (the "835 Patent") with the Accused Device ("Accused device")

| ''835 Patent Claim 5 | Features of the Accused Device |
| --- | --- |
| 5<br><br>The cart of claim 4, wherein the at least one wheel locking assembly comprising a brake actuator pedal. | Claim 5 is dependent on Claim 4, which is dependent on Claim 1 of the '185 Patent and thus incorporates each and every element of Claim 1.  Since Claim 1 & Claim 4 were found to be non-infringed, Claim 5 is also non-infringed. |

| ''835 Patent Claim 6 | Features of the Accused Device |
| --- | --- |
| 6<br><br>The cart of claim 1, further comprising: a spindle<br><br>rotatably coupled to the bottom wall and adjacent an inter-section of the bottom wall and the rear wall; and at least two three-wheel assemblies, wherein each three-wheel assembly comprises three wheels, three spokes and a central rotational point, each wheel rotatably coupled to one of the three spokes, each spoke is connected to the central rotational point, the central rotational point coupled to the spindle. | Claim 6 is dependent on Claim 1 of the '185 Patent and thus incorporates each and every element of Claim 1. Since Claim 1 is found to be non-infringed, Claim 6 is also non-infringed. |
|  |  |

5

EXHIBIT "A"- PATENT CLAIM CHART
Comparison of Independent Claims of U.S. Patent No. 11,338,835 B2 (the "835 Patent") with the Accused Device ("Accused device")

| ''835 Patent Claim 7 | Features of the Accused Device |
|---|---|
| 7<br><br>The cart of claim 1, further comprising a rigid cover panel confirming in shape to a top opening of the compart-ment, the rigid cover panel securely fits in a first position over the top opening to serve as a cover or seat on top of the cart, the rigid cover panel having protrusions on a bottom surface to removably secure to the front wall of the cart. | Claim 7 is dependent on Claim 1 of the '185 Patent and thus incorporates each and every element of Claim 1. Since Claim 1 is found to be non-infringed, Claim 7 is also non-infringed. |
| ''835 Patent Claim 8 | Features of the Accused Device |
| 8<br><br>The cart of claim 1, further comprising a retractable handle adjacent the back wall. | Claim 8 is dependent on Claim 1 of the '185 Patent and thus incorporates each and every element of Claim 1. Since Claim 1 is found to be non-infringed, Claim 8 is also non-infringed. |
|  |  |

6

EXHIBIT "A"- PATENT CLAIM CHART
Comparison of Independent Claims of U.S. Patent No. 11,338,835 B2 (the "835 Patent") with the Accused Device ("Accused device")

| "835 Patent Claim 9 | Features of the Accused Device |
|---|---|
| 9<br><br>A collapsible cart comprising:<br><br>a rigid frame forming a compartment, the rigid frame having a front wall, a rear wall, a right sidewall, a left sidewall, and a bottom wall, the right sidewall com-prising a first right panel and a second right panel, the first right panel is coupled to the second right panel along a first vertical axis, the left sidewall comprising<br><br>a first left panel and a second left panel, the first left panel is coupled to the second left panel along a second vertical axis;<br><br>a first track formed along the first right panel and the second right panel, the first track extending across the first vertical axis from a first position on the first right panel to a second position on the second right panel; | FIG. 1<br><br><br><br> |

7

EXHIBIT "A"- PATENT CLAIM CHART
Comparison of Independent Claims of U.S. Patent No. 11,338,835 B2 (the "835 Patent") with the Accused Device ("Accused device")

| | |
|---|---|
| a second track formed along the first left panel and the second left panel, the second track extending across the second vertical axis from a first position on the first left panel to a second position on the second left panel; <br><br> a first slideable member cooperatively engaged to the first track, the first slideable member is movable along the first track between an open position to allow the right sidewall to fold inwardly, to a closed position to selectively lock the first right panel to the second right panel, wherein the first slideable member is in the open position when disposed along the first track adjacent the first position of the first track while not disposed along the second right panel, and is in the closed position when disposed along the first track adjacent the second position of the first track while being disposed across both the first right | The accused device does not contain "slideable members," which are used to engage the first and second tracks to selectively lock the first & second panels as required by claim 9.   Here, the accused device contains a pair of removable members (shown in the red arrow above) from the bottom wall that are used to snap onto the tracks of the first & second panels to lock the panels into place and prevent them from closing.  Therefore, in view of this, the accused device does not infringe claim 9 of the '835 Patent. |

8

EXHIBIT "A"- PATENT CLAIM CHART
Comparison of Independent Claims of U.S. Patent No. 11,338,835 B2 (the "835 Patent") with the Accused Device ("Accused device")

| | |
|---|---|
| panel and second right panel; and<br><br>a second slideable member cooperatively engaged to the second track, the second slideable member is movable along the second track between an open position to allow the left sidewall to fold inwardly, to a closed position to selectively secure the first left panel to the second left panel, wherein the second slideable member is in the open position when disposed along the second track adjacent the first position of the second track while not disposed along the second left panel and is in the closed position when disposed along the second track adjacent the second position of the second track while being disposed across both the first left panel and second left panel. | |
| **''835 Patent Claim 10** | **Features of the Accused Device** |
| 10<br><br>The collapsible cart of claim 9, further comprising a rotatable | Claim 10 is dependent on Claim 9 of the '185 Patent and thus incorporates each and every element of Claim 9. Since Claim 9 is found to be non-infringed, Claim 10 also is non-infringed. |

9

EXHIBIT "A"- PATENT CLAIM CHART
Comparison of Independent Claims of U.S. Patent No. 11,338,835 B2 (the "835 Patent") with the Accused Device ("Accused device")

| | |
|---|---|
| base panel rotatably coupled to the bottom wall within the compartment, the rotatable base panel having a lower surface and an upper surface, wherein in use, the rotatable base panel is rotated so that its lower surface rests against an interior surface of the bottom wall. | |
| **''835 Patent Claim 11** | **Features of the Accused Device** |
| 11.<br><br>The collapsible cart of claim 9, further comprising a wheel assembly coupled to the bottom wall of the collapsible cart. | Claim 11 is dependent on Claim 9 of the '185 Patent and thus incorporates each and every element of Claim 9. Since Claim 9 is found to be non-infringed, Claim 11 also is non-infringed. |
| **''835 Patent Claim 12** | **Features of the Accused Device** |
| 12<br><br>The collapsible cart of claim 9, further comprising a plurality of rotatable swivel wheels coupled to the bottom wall of the collapsible cart having at least one wheel locking assembly, the at least one wheel locking assembly having a first condition for locking at least one of the rotatable swivel | Claim 12 is dependent on Claim 9 of the '185 Patent and thus incorporates each and every element of Claim 9. Since Claim 9 is found to be non-infringed, Claim 12 also is non-infringed. |

EXHIBIT "A"- PATENT CLAIM CHART
Comparison of Independent Claims of U.S. Patent No. 11,338,835 B2 (the "835 Patent") with the Accused Device ("Accused device")

| | |
|---|---|
| wheels to prevent rolling movement, and a second condition for unlocking the at least one of the rotatable swivel wheels. | |
| **''835 Patent Claim 13** | **Features of the Accused Device** |
| 13<br><br>The collapsible cart of claim 12, wherein the at least one wheel locking assembly comprising a brake actuator pedal. | Claim 13 is dependent on Claim 12, which is dependent on Claim 9 of the '185 Patent and thus incorporates each and every element of Claim 9.  Since Claim 12 & Claim 9 were found to be non-infringed, Claim 13 is also non-infringed. |
| **''835 Patent Claim 14** | **Features of the Accused Device** |
| 14<br><br>The collapsible cart of claim 9, further comprising: a spindle rotatably coupled to the bottom wall and adjacent an intersection of the bottom wall and the rear wall; and at least two three-wheel assemblies, wherein each three-wheel assembly comprises three wheels, three spokes and a central rotational point, each wheel rotatably coupled to one of the hree spokes, each spoke is connected to the central rota-tional point, the central | Claim 14 is dependent on Claim 9 of the '185 Patent and thus incorporates each and every element of Claim 9. Since Claim 9 is found to be non-infringed, Claim 14 also is non-infringed. |

EXHIBIT "A"- PATENT CLAIM CHART
Comparison of Independent Claims of U.S. Patent No. 11,338,835 B2 (the "835 Patent") with the Accused Device ("Accused device")

| rotational point coupled to the spindle. | |
|---|---|
| **''835 Patent Claim 15** | **Features of the Accused Device** |
| 15<br><br>The collapsible cart of claim 9, further comprising a rigid cover panel confirming in shape to a top opening of the compartment, the rigid cover panel securely fits in a first position over the top opening to serve as a cover or seat on top of the collapsible cart, the rigid cover panel having protrusions on a bottom surface to removably secure to the front wall of the collapsible cart. | Claim 15 is dependent on Claim 9 of the '185 Patent and thus incorporates each and every element of Claim 9. Since Claim 9 is found to be non-infringed, Claim 15 also is non-infringed. |
| **''835 Patent Claim 16** | **Features of the Accused Device** |
| 16<br><br>The collapsible cart of claim 9, further comprising a retractable handle adjacent the back wall. | Claim 16 is dependent on Claim 9 of the '185 Patent and thus incorporates each and every element of Claim 9. Since Claim 9 is found to be non-infringed, Claim 16 also is non-infringed. |
| | |

12

EXHIBIT "A"- PATENT CLAIM CHART
Comparison of Independent Claims of U.S. Patent No. 11,338,835 B2 (the "835
Patent") with the Accused Device ("Accused device")

| ''835 Patent Claim 17 | Features of the Accused Device |
|---|---|
| 17<br><br>A collapsible cart comprising:<br><br>a rigid frame forming a compartment, the rigid frame having a front wall, a rear wall, a right sidewall, a left sidewall, and a bottom wall, the right sidewall com-prising a first right panel and a second right panel, the first right panel is coupled to the second right panel along a first vertical axis, the left sidewall comprising<br><br>a first left panel and a second left panel, the first left panel is coupled to the second left panel along a second vertical axis;<br><br>a retractable handle adjacent the back wall; a first track formed along the first right panel and the second right panel extending across the first vertical axis from a first position on a top edge of the first right panel to a second position on | <br>**FIG. 1**<br><br>The previous analysis in Claim 1 & Claim 9 apply here and for the same reasons, the Accused Device does not infringe Claim 17.<br><br><br><br><br>Here, again, the Accused Device does not contain the "slideable members,"as required in Claim 17 (and Claim 1 & Claim 9) but instead contain removable brackets that are used to snap onto the first & second tracks to lock the first & second panels in place. |

13

EXHIBIT "A"- PATENT CLAIM CHART
Comparison of Independent Claims of U.S. Patent No. 11,338,835 B2 (the "835 Patent") with the Accused Device ("Accused device")

| | |
|---|---|
| a top edge of the second right panel;<br><br>a second track formed along the first left panel and the second left panel extending across the second vertical axis from a first position on a top edge of the first left panel to a second position on a top edge of the second left panel;<br><br>a first slideable member cooperatively engaged to the first track, the first slideable member is movable along the first track between an open position to allow the right sidewall to fold inwardly, to a closed position to selectively secure the first right panel to the second right panel, wherein the first slideable member is in the open position when disposed along the first track adjacent the first position of the first track while not disposed along the second right panel and is in the closed position when disposed along the first track adjacent the second position of | |

14

EXHIBIT "A"- PATENT CLAIM CHART
Comparison of Independent Claims of U.S. Patent No. 11,338,835 B2 (the "835 Patent") with the Accused Device ("Accused device")

| | |
|---|---|
| the first track while being disposed across both the first right panel and second right panel;<br><br>a second slideable member cooperatively engaged to the second track, the second slideable member is movable along the second track between an open position to allow the left sidewall to fold inwardly, to a closed position to selectively lock the first left panel to the second left panel, wherein the second slideable member is in the open position when disposed along the second track adjacent the first position of the second track while not disposed along the second left panel and is in the closed position when disposed along the second track adjacent the second position of the second track while being disposed across both the first left panel and second left panel; and<br><br>a rotatable base panel rotatably coupled to the bottom wall within the | |

15

EXHIBIT "A"- PATENT CLAIM CHART
Comparison of Independent Claims of U.S. Patent No. 11,338,835 B2 (the "835 Patent") with the Accused Device ("Accused device")

| | |
|---|---|
| compartment, the rotatable base panel hav-ing a lower surface and an upper surface, wherein in use, the rotatable base panel is rotated so that its lower surface rests against an interior surface of the bottom wall. | |
| **''835 Patent Claim 18** | **Features of the Accused Device** |
| 18.<br><br>The collapsible cart of claim 17, further comprising a plurality of rotatable swivel wheels coupled to the bottom wall of the collapsible cart having at least one wheel locking assembly, the at least one wheel locking assembly having a first condition for locking at least one of the rotatable swivel wheels to prevent rolling movement, and a second condition for unlocking the at least one of the rotatable swivel wheels. | Claim 18 is dependent on Claim 17 of the '185 Patent and thus incorporates each and every element of Claim 17.  Since Claim 17 is found to be non-infringed, Claim 18 also is non-infringed. |
| **''835 Patent Claim 19** | **Features of the Accused Device** |
| 19<br><br>The collapsible cart of claim 17, further comprising: a spmdle | Claim 19 is dependent on Claim 17 of the '185 Patent and thus incorporates each and every element of Claim 17.  Since Claim 17 is found to be non-infringed, Claim 19 also is non-infringed. |

16

EXHIBIT "A"- PATENT CLAIM CHART
Comparison of Independent Claims of U.S. Patent No. 11,338,835 B2 (the "835 Patent") with the Accused Device ("Accused device")

| | |
|---|---|
| rotatably coupled to the bottom wall and adjacent an intersection of the bottom wall and the rear wall; and at least two three-wheel assemblies, wherein each three-wheel assembly comprises three wheels, three spokes and a central rotational point, each wheel rotatably coupled to one of the three spokes, each spoke is connected to the central rota-tional point, the central rotational point coupled to the spindle. | |
| **''835 Patent Claim 20** | **Features of the Accused Device** |
| 20.<br><br>The collapsible cart of claim 17, further comprising a rigid cover panel confirming in shape to a top opening of the<br><br>compartment, the rigid cover panel securely fits in a first position over the top opening to serve as a cover or seat on top of the collapsible cart, the rigid cover panel having protrusions on a bottom surface to removably secure to | Claim 20 is dependent on Claim 17 of the '185 Patent and thus incorporates each and every element of Claim 17. Since Claim 17 is found to be non-infringed, Claim 20 also is non-infringed. |

17

EXHIBIT "A"- PATENT CLAIM CHART
Comparison of Independent Claims of U.S. Patent No. 11,338,835 B2 (the "835 Patent") with the Accused Device ("Accused device")

| | |
|---|---|
| the front wall of the collapsible cart. | |

18